IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| JOHN C. FIELD | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:06CV119WA |
| CORRECTIONS CORPORATION OF AMERICA, INC.; MISSISSIPPI DEPARTMENT OF CORRECTIONS; DIVISION DIRECTOR GARDNER, C.C.A.; COMMISSIONER C. EPPS, M.D.O.C.; ASST. COMMISSIONER E. SPARKMAN, M.D.O.C.; ADMINISTRATOR OF THE A.R.P. PROGRAM 6-SPANN, M.D.O.C.; LEGAL CLAIMS ADJUDICATOR L. HARDY, M.D.O.C.; CONTRACTOR MONITOR MALLETT, M.D.O.C.; HEPO WARDEN D. WALLER, C.C.P./W.C.C.F.; ASST. WARDEN G. WALKER, C.C.P./W.C.C.F.; CHIEF OF SECURITY V. VINES, C.C.P./W.C.C.F.; ASSISTANT CHIEF OF SECURITY PERRY, C.C.P./W.C.C.F.; UNIT MANAGER S. JACKSON and JEWORSKI MALLETT | DEFENDANTS |

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Jody E. Owens, II and John Clay. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

### 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Field is a prisoner who has sought and been given the status of protective custody for his confinement, based upon a racial statement made by an officer at the first facility where he was housed. His Complaint relates to the overall conditions of confinement as a PC prisoner. In particular, Field, who changed his religion from Southern Baptist to Unitarian Universalist, complains that he only gets one church call every two months, because he does not belong to a mainstream religion. He testified that he cannot get the form he needs processed by the Chaplain at the Wilkinson County Correctional Facility. In order to conduct his own religious services, Field wants to be provided with a "chalice candle" for one hour of prayer.

Field also complains that he is being denied freedom of speech by prison officials' censorship of his mail. He stated that mail had been returned to him in which he had asked a relative about another inmate. He also alleged that officials were removing items from his mail and not notifying him before they were destroyed or returned. Field is also complaining about recreational time, which he says is inadequate for PC inmates. He testified that they cannot get access to counselors to check on their prison time because when they stop by the counselor's office, they are threatened with RVR's; therefore, they have to wait for counselors to come on the zone. Field also stated that PC inmates cannot get access to the canteen or the Inmate Legal Assistance Program. Although he has asked for law books to be brought to the zone, it has not been done, which affects his criminal appeal in the Fifth Circuit, where he proceeding *pro se*.

Field also testified that their cells are searched without their presence. On one occasion, Field said that such a search resulted in a false charge against him of possessing contraband; however, after he filed a grievance with the Administrative Remedies Program, that charge was expunged from his record. He complains that PC inmates have visitation on Fridays, rather than weekends, causing their families to miss work. Field also complains about food service to the PC unit, complaining that, by the time the food gets to the unit, liquid from some food soaks into other food, that the trays are dirty, the portions are not proper, and what is listed on the menu is not provided. Other complaints to which Field testified during the hearing were the inadequacy of state issued items for personal hygiene, the institution's failure to follow the proper time frames for processing ARP grievances, and the confiscation of his prescription tinted glasses.

Field stated that officers in the PC unit have harassed him and discriminated against him. According to Field, that treatment has been verbal; he admitted that he had not been physically injured. He also claimed that, until recently, he was housed with C-custody disciplinary offenders, as well as Security Threat Group members who have caused several assaults on the zone. Although he is no longer housed with C-custody inmates, there are still STG members in his unit. Field said that he had been put on a hit list by them to be extorted. Although these members were moved to another pod shortly after the plot was discovered, they mix with that pod. Field claims that, two weeks ago, Warden Banks told him that if he didn't quit seeking help, he would be placed in segregation. Field disagrees with the implementation of MDOC policies at this facility, not the policies themselves. To the extent that the treatment extends only to him, personally, he believes that it is the result of the problem he had with the Captain at the facility where he was previously housed.

**2.     DISCOVERY ISSUES and PENDING MOTION**

Defense counsel will be required to provide Field and the court with a copy of his institutional medical records, as well as his jail records.  These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit.  No testimony from a physician or other health care provider will be required at trial.  The Defendants will also provide the Plaintiff and the court with the institution's policies on PC custody, permitting inmates to wear tinted glasses, search of cells and handling of mail.  There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

**3.     TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter. When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4.  **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall produce the records described above to the Plaintiff by February 28, 2007. The deadline for submitting motions in this matter is March 30, 2007. If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 6th day of February, 2007.

                                                    S/Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE